From:   Mikkel-Stanley:Lamb

       C/O: 10035 E. Clark Springs Trail

       Tucson, Arizona [85747]



To:   United States District Court of Arizona

       Attn: Clerk

       405 West Congress Street, Suite 1500

       Tucson, Arizona 85701

AN AUTHENTICATED FOREIGN DOCUMENT

HAUGE CONVENTION, 5 October 1961

AFFIDAVIT FOR: PUBLIC NOTICE, HONORABLE CLARIFICATIONS

**A.R.S. - TITLE 47  § 3302 - HOLDER IN DUE COURSE**
**A.R.S. - TITLE 47  § 3308(B) - PROOF OF SIGNATURES AND STATUS AS HOLDER IN DUE COURSE**
**A.R.S. - TITLE 47  § 9607 - COLLECTIONS AND ENFORCEMENT BY SECURED PARTY**

AFFIDAVIT OF NOTICE
4:2024cv00028

Clerk:

This document is being generated to inform the judge of additional information that the undersigned believes will assist with bringing this account back into honor and to locate the breachers of the sec of State contract. Attached to this document will be an international bill of exchange that was presented to Joseph J Tirello Jr's client Lakeview Loan Servicing LLC on June 26, 2023. This international bill of exchange was a written instrument that contained an unconditional order whereby the drawer directs the drawee to pay a definite sum of money to the payee or to his order. Also, the international bill of exchange was payable on demand and signed by the secured party of the real property. Lakeview Loan Servicing LLC dishonored the instrument presented by the undersigned with no lawful explanation on why it could not be accepted other than "We don't accept Treasury Checks for Payoff". As a Secured Party Creditor and holder in due course I Mikkel-Stanley:Lamb holds the right to enforce instruments and offset/discharge accounts associated with MIKKEL STANLEY LAMB© Trust. The undersigned ask that this international bill of exchange be reviewed and if there are any errors, adjustments can be made upon request. This document is the preparation of the undersigned.

Dated and Executed by my own hand 29th day of February 2024

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL**

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**

**(Applicable to all Successors and Assigns)**

Respectfully Submitted

_Mikkel-Stanley: Lamb_ X

Mikkel-Stanley: Lamb

Secured Party Creditor and Beneficiary

### 47-3302. Holder in due course

A. Subject to subsection C of this section and section 47-3106, subsection D, "holder in due course" means the holder of an instrument if:

1. The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and

2. The holder took the instrument:

(a) For value;

(b) In good faith;

(c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;

(d) Without notice that the instrument contains an unauthorized signature or has been altered;

(e) Without notice of any claim to the instrument described in section 47-3306; and

(f) Without notice that any party has a defense or claim in recoupment described in section 47-3305, subsection A.

B. Notice of discharge of a party, other than discharge in an insolvency proceeding, is not notice of a defense under subsection A of this section, but discharge is effective against a person who became a holder in due course with notice of the discharge. Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment or claim to the instrument.

C. Except to the extent a transferor or predecessor in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken:

1. By legal process or by purchase in an execution, bankruptcy or creditor's sale or similar proceeding;

2. By purchase as part of a bulk transaction not in ordinary course of business of the transferor; or

3. As the successor in interest to an estate or other organization.

D. If, under section 47-3303, subsection A, paragraph 1, the promise of performance that is the consideration for an instrument has been partially performed, the holder may assert rights as a holder in due course of the instrument only to the fraction of the amount payable under the

instrument equal to the value of the partial performance divided by the value of the promised performance.

E. If the person entitled to enforce an instrument has only a security interest in the instrument and the person obliged to pay the instrument has a defense, claim in recoupment or claim to the instrument that may be asserted against the person who granted the security interest, the person entitled to enforce the instrument may assert rights as a holder in due course only to an amount payable under the instrument which, at the time of enforcement of the instrument, does not exceed the amount of the unpaid obligation secured.

F. To be effective, notice must be received at a time and in a manner that gives a reasonable opportunity to act on it.

G. This section is subject to any law limiting status as a holder in due course in particular classes of transactions.

### 47-3308. Proof of signatures and status as holder in due course

A. In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under section 47-3402, subsection A.

B. If the validity of signatures is admitted or proved and there is compliance with subsection A of this section, a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under section 47-3301, unless the defendant proves a defense or claim in recoupment. If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course which are not subject to the defense or claim.

### 47-9607. Collection and enforcement by secured party

A. If so agreed, and in any event after default, a secured party:

1. May notify an account debtor or other person obligated on collateral to make payment or otherwise render performance to or for the benefit of the secured party;

2. May take any proceeds to which the secured party is entitled under section 47-9315;

3. May enforce the obligations of an account debtor or other person obligated on collateral and exercise the rights of the debtor with respect to the obligation of the account debtor or other person obligated on collateral to make payment or otherwise render performance to the debtor, and with respect to any property that secures the obligations of the account debtor or other person obligated on the collateral;

4. If it holds a security interest in a deposit account perfected by control under section 47-9104, subsection A, paragraph 1, may apply the balance of the deposit account to the obligation secured by the deposit account; and

5. If it holds a security interest in a deposit account perfected by control under section 47-9104, subsection A, paragraph 2 or 3, may instruct the bank to pay the balance of the deposit account to or for the benefit of the secured party.

B. If necessary to enable a secured party to exercise under subsection A, paragraph 3 of this section the right of a debtor to enforce a mortgage nonjudicially, the secured party may record in the office in which a record of the mortgage is recorded:

1. A copy of the security agreement that creates or provides for a security interest in the obligation secured by the mortgage; and

2. The secured party's sworn affidavit in recordable form stating that:

(a) A default has occurred with respect to the obligation secured by the mortgage; and

(b) The secured party is entitled to enforce the mortgage nonjudicially.

C. A secured party shall proceed in a commercially reasonable manner if the secured party:

1. Undertakes to collect from or enforce an obligation of an account debtor or other person obligated on collateral; and

2. Is entitled to charge back uncollected collateral or otherwise to full or limited recourse against the debtor or a secondary obligor.

D. A secured party may deduct from the collections made pursuant to subsection C of this section reasonable expenses of collection and enforcement, including reasonable attorney fees and legal expenses incurred by the secured party.

E. This section does not determine whether an account debtor, bank or other person obligated on collateral owes a duty to a secured party.