**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mikkel-Stanley Lamb, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV 24-028-TUC-CKJ |
| ZBS Law LLP, *et al*., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

On January 16, 2024, Plaintiff Mikkel-Stanley Lamb ("Lamb") filed a Complaint for Violation of Civil Rights (Doc. 1). Lamb has also submitted an additional document to provide the Court with additional information (Doc. 7). Lamb has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

I. *In Forma Pauperis*

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Lamb's affidavit states his average monthly income during the past twelve months consisted of disability payments of $2100. Lamb states his fixed income is from veteran disability. Further, Lamb states he has $24.91 in a bank account and his total monthly expenses are $1560.

The Court finds Lamb is unable to pay the fees and will grant the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

II.  *Fed.R.Civ.P. 5.2*

The applicable rule provides for privacy protection in documents filed with the Court. These protections include social security numbers, taxpayer-identification numbers, dates of birth, and financial account numbers.  Fed.R.Civ.P. 5.2(a).  The Court will direct her staff to redact the exhibits to Lamb's Complaint pursuant to the rule.  Further, the Court will direct the Clerk of Court to docket Lamb's original exhibits under seal and to publicly file the redacted document.  Lamb is advised if he believes further redactions pursuant to the rule are appropriate, he may submit a more-redacted document for the Court's review.

III.  *Caption and Parties*

Lamb's Complaint does not appear to include all required information in the caption. The applicable rule states:

> (a) Caption; Names of Parties.  Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.  The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed.R.Civ.P. 10(a).  The caption of Lamb's Complaint states only ZBS Law, LLP ("ZBS"), as the Defendant.  However, the body of the Complaint states other Defendants:  Joseph Tirello, Jr. ("Tirello"), Blythe Edmondson ("Edmondson"), Gary Cohen ("Cohen"), and the Pima County Sheriffs Dept. ("PCSD")  (Complaint, Doc. 1, pp. 2-3).  Lamb is advised the caption of a complaint must include all named defendants.

IV.  *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

1

V. *Lamb's Complaint*

2    Lamb's Complaint states the basis for federal court jurisdiction is a civil rights

3   violation. *See* 42 U.S.C. § 1983. However, instead of stating what federal constitutional or

4   statutory rights Lamb claims to have been violated, the Complaint states, "Please review

5   contract attached from Sec of State." Complaint (Doc. 1, p. 3). When provided an

6   opportunity to explain how each defendant acted under color of state or local law, Lamb left

7   that portion of the Complaint blank. *Id*. at 4. Similarly, when provided an opportunity to

8   state the facts underlying Lamb's claims, Lamb left that portion of the Complaint blank. *Id*.

9   As requested relief, Lamb states, "Appoint Judge to bring account back into Honor." *Id*. at

10  5.

11    The documents attached to the Complaint include what appears to be a summary of

12  factual allegations. Complaint, Attachments (Doc. 1-1, ECF pp. 2-3). Lamb alleges when

13  he received notice of Tirello "taking administrative action against the account," Lamb mailed

14  documentation to Tirello "indicating the status of the account per the sec of State." *Id*.

15  Tirello "ignored the documents and then presented voided contract documents to authorize

16  a non-judicial foreclosure." *Id*. Edmondson, representing KMS Enterprises, LLC, trespassed

17  and approached Lamb at his residence; Edmondson refused service of a Statute Staple

18  Security Instrument. Lamb received notification from the Pima County Superior Court that

19  it refused to honor "the contract per sec of State."[1] *Id*.

20    Cohen ordered a forcible entry and detainer against Lamb's "personal property[,]" *id*.,

21  which caused the PCSD to infiltrate:

22    a foreign jurisdiction with loaded weapons (to include an AR style rifle), bullet proof
      vest, and ballistic shields. They roamed outside the residential structure which is in
23    a foreign jurisdiction banging on all the doors and windows making blank threats for
      me to speak with them. Under duress and under the belief they would damage the
24    entry point and actively use loaded weapons, I opened the door to discuss the matter.
      I was met with a small group of peace officers who refused to acknowledge my status
25    and honoring foreign jurisdictions per the sec of State.

26

27    [1]Although not specifically stated, "the contract" appears to refer to the Statute Staple

28  Security Instrument previously referenced.

*Id.* at 2-3.  The "head police office" refused to confirm Lamb's documentation and ID.  *Id.* at 3.  Officers followed Lamb around the residence while he collected items before he was forced to leave at gunpoint.  Subsequently, the locks to the residence were changed, which resulted in Lamb not having access to his belongings.  Officers gave the key to KMS Enterprises, LLC.

> The Complaint Attachment states:

> If you view the documentation on file with the sec of State, depriving access to personal property is a constitutional violation.  On file with the US treasury, I Mikkel-Stanley:Lamb has a 100 million dollar bond for discharge and adjustments. I would like to resolve this issue so that I can return to the quiet enjoyment of my property.  Upon request I can provide a proper and true registered bond to set off the account in question.

> I Mikkel-Stanley:Lamb (Secured Party Creditor), appoints the judge assigned to this case as trustee to resolve and bring this account back into honor.  That includes charging all individuals who openly breached contract and dishonored the account with no regards for the Laws of the Land whatsoever. This document is the preparation of the undersigned.

*Id.* at 3.

Also attached to the Complaint are documents that include copies of statutes, agency handbook policies, the Legal Notice and Demand filed with the Secretary of State, an Assignment of Limited Power of Attorney, UCC-1 and related documents, and Notices Concerning Fiduciary Relationship.[2]

The Legal Notice and Demand includes the heading:  "To: All State, Federal and International Public Officials, THIS IS A CONTRACT IN ADMIRALTY JURISDICTION THIS TITLE IS FOR YOUR PROTECTION."  Complaint, Attachment (Doc. 1-1, ECF p.9 of 46).  This document states:

> Since the birth of the Undersigned, the Government has utilized the credit and future earning potential of the Undersigned, establishing and operating a Private Offset Account through the use of the Vessel in Commerce, MIKKEL STANLEY LAMB© TRUST without the knowledge, consent, or permission of the Undersigned acting to

---

[2]The Notices Concerning Fiduciary Relationship name Janet Yellen, et al d.b.a. Secretary of Treasury (United States) and Francisco Alicea, et al d.b.a. Secretary of Treasury (United States) as fiduciaries.  The signature lines of these Notices contain the typed names of Janet Yellen and Francisco Alicea.

the detriment of the beneficiary Mikkel-Stanley: Lamb, against the basic precepts of a trust . . .

The Undersigned having full control of Trust **revokes all** permissions to the Government and/or any political subdivisions/Organizations to use copyrighted TRUST name MIKKEL STANLEY LAMB© TRUST or trust in any fashion except by explicit written request/order in direction otherwise . . .

*Id*. at 10 of 46.  Without providing any supporting facts, the document purports to assess millions of dollars in "billing costs" and "levies and liens" based on various alleged "violations." *Id*. at 12 of 46.

The Legal Notice and Demand does not include any signature/acknowledgment of any named Defendant showing any named Defendant agreed to the terms of the Legal Notice and Demand.  Rather, the documents appear to invoke legal principles (e.g., specifying the vessel in commerce Lamb was created as a trust; legal notice and demand purported to be acknowledged by silence and acquiescence of the Arizona Secretary of State; purported contract without inclusion of specific agreement of any person/entity other than Lamb, stating the failure to timely rebut the terms is agreement; right to appeal to a twenty-five sovereign people Magna Carta Grand Jury; fealty is forever rebutted by counterclaim in Admiralty) without any recognized authority.[3]   Further, other than in the summary, (Complaint, Attachments (Doc. 1-1, pp. 2-3)), Defendants are not named in these documents.

As previously stated, Lamb has also submitted an additional document to provide the Court with additional information.  (Doc. 7).  This document states:

This document is being generated to inform the judge of additional information that the undersigned believes will assist with bringing this account back into honor and to

---

[3]The Ninth Circuit has held that "sovereign citizen" arguments have "been consistently and thoroughly rejected by every branch of the government for decades. Indeed[,] advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986); *see also Caetano v. Kings Cnty. Sheriff*, No. 1:22-CV-0261 JLT HBK, 2022 WL 1271344, at *3 (E.D. Cal. Apr. 28, 2022), appeal dismissed, No. 22-16067, 2022 WL 18358075 (9th Cir. Aug. 17, 2022) ("To the extent Plaintiff's allegations are based on a sovereign citizen ideology—in referring to his body as a "Sovereign" and a vessel—courts uniformly and summarily have rejected arguments premised on such ideology as frivolous and meritless.").

locate the breachers of the sec of State contract.  Attached to this document will be an international bill of exchange that was presented to Joseph J Tirello Jr's client Lakeview Loan Servicing LLC on June 26, 2023. This international bill of exchange was a written instrument that contained an unconditional order whereby the drawer directs the drawee to pay a definite sum of money to the payee or to his order.  Also, the international bill of exchange was payable on demand and signed by the secured party of the real property. Lakeview Loan Servicing LLC dishonored the instrument presented by the undersigned with no lawful explanation on why it could not be accepted other than "We don't accept Treasury Checks for Payoff".  As a Secured Party Creditor and holder in due course I Mikkel-Stanley:Lamb holds the right to enforce instruments and offset/discharge accounts associated with MIKKEL STANLEY LAMB© Trust.  The undersigned ask that this international bill of exchange be reviewed and if there are any errors, adjustments can be made upon request. This document is the preparation of the undersigned.

Additional Attachment (Doc. 7, ECF p. 2 of 5).  This attachment also includes an "International bill of exchange (UNCITRAL Convention)" which purports to pay the United States Treasury the sum of $288,984.55.  Further documents indicate this "check" was rejected by Loancare, a Servicelink Company.  Additional Attachment (Doc. 7-1, ECF p. 4 of 7).[4]  Further, correspondence from Perry, an Arizona Foreclosure Manager of ZBS advised Lamb the payoff amount for the property at 10035 E. Clark Springs Tr., Tucson, AZ 85747 ("Clark Springs property"), through June 1, 2023, was $305,293.04.  *Id.* at ECF p. 6 of 7. Lamb has also provided a Trustee's Deed Upon Sale for real property in Pima County, State of Arizona, described as follows:

> LOT 30, OF SAGUARO TRAILS BLOCK 4, A SUBDIVISION OF PIMA COUNTY, ARIZONA ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA IN DOCUMENT NUMBER 2019-3540791.  AFFIRMATION AND RATIFICATION OF PLAT RECORDED FEBRUARY 10, 2020 IN DOCUMENT NUMBER 2020-0410833.

*Id.* at ECF p. 7 of 7.  The Trustee's Deed Upon Sale states the property was sold by duly appointed Trustee Tirello, a member of the State Bar of Arizona, by public auction on September 13, 2023, to Grantee KMS Enterprises, LLC.  *Id.*

. . . . .

---

[4]Neither Lamb's Complaint nor his summary allege a date of the events at issue. However, the document from LoanCare is dated June 27, 2023.

VI.   *General Requirements*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 8(a), Fed.R.Civ.P.   While Rule 8 does not demand detailed   factual   allegations,   "it   demands   more   than   an   unadorned,   the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice.  *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975).  Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), *quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *per curiam*.

A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s).  Failure to name potential defendants or sufficient facts to advise a defendant of the claim(s) may result in no claim(s) being presented against a defendant.  Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(a). "Each claim  . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."  *Id*.  Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought.  *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303, 1307, n.1 (D.C.Va. 1981).  Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims.  *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), *affirmed* 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).   In other words, Lamb may not simply reference other documents in a complaint and expect the Court and other parties to search for facts that may

1  support his claim(s); a complaint itself must set forth sufficient facts that serves to put

2  defendants on notice as to the nature and basis of the claim(s).

3

4  VII.  *Requirement that Action State a Claim on Which Relief Can be Granted*

5  The United States Supreme Court has determined that, in order to survive a motion

6  to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to

7  relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

8  (2007).[5]  While a complaint need not plead "detailed factual allegations," the factual

9  allegations it does include "must be enough to raise a right to relief above the speculative

10  level." *Id*. at 555.  Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled

11  to relief "rather than a blanket assertion" of entitlement to relief.  *Id*. at 555 n. 3.  The

12  complaint "must contain something more . . . than . . . a statement of facts that merely creates

13  a suspicion [of] a legally cognizable right to action." *Id*. at 555.  Although a motion to

14  dismiss pursuant to Fed.R.Civ.P. 12(b)(6) has not been filed in this case, the Court considers

15  these standards in screening Lamb's Complaint to determine if Lamb has "nudge[d] [his]

16  claims across the line from conceivable to plausible." *Id*. at 570.  The Court also considers

17  that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts

18  are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*

20  *v. Pardue*, 551 U.S. 89 (2007).

21  In discussing *Twombly*, the Ninth Circuit has stated:

22  "A claim has facial plausibility," the Court explained, "when the plaintiff pleads
    factual content that allows the court to draw the reasonable inference that the
23  defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility
    standard is not akin to a 'probability requirement,' but it asks for more than a sheer
24  possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S.

25  _____

26  [5]The holding in *Twombly* explicitly abrogates the well established holding in *Conley*
27  *v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure
    to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in
28  support of his claim which would entitle him to relief."

- 8 -

1

2

3

at 556, 127 S.Ct. 1955).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.  *Id*.

4

5

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

6

7

8

9

10

11

12

13

14

This Court must take as true all allegations of material fact and construe them in the light most favorable to Lamb.  *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).  In general, a complaint is construed favorably to the pleader.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, 457 U.S. 800.  Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

15

16

17

18

19

20

21

VIII.  *Civil Rights Claim(s)*

The applicable statute states, *inter alia*:

**§ 1983 Civil action for deprivation of rights**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

22

23

24

25

26

27

42 U.S.C. § 1983.  In other words, to state a civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Additionally, the Supreme Court has stated "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind.  That is because, as we have stated, 'liability for negligently inflicted harm is categorically beneath the threshold of

28

1 constitutional due process.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Further,

2 the statute is to be construed broadly. *Dennis v. Higgins*, 498 U.S. 439, 443 (1991), *citation*

3 *omitted*; *Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1102 (9th Cir. 2021).

4

5 A.  *Violation of Constitutional or Statutory Right(s)*

6          The Complaint states the "contract attached from Sec of State" should be reviewed

7 to find out what federal constitutional or statutory right(s) Lamb is claiming were violated

8 by state officials.  Complaint (Doc. 1, p.3).  Lamb's Complaint does not specify what right

9 is alleged to have been violated.  Civil rights violations encompass many rights, including,

10 but not limited to, free speech, religious liberty, due process, equal protection, freedom from

11 taking of property, freedom from excessive force or unreasonable search/seizure, and

12 freedom from discrimination.  By merely referencing the attached contract, Lamb is placing

13 the onus on the Court to decipher which, if any, facts support a civil rights claim, as well as

14 to determine whether Lamb is entitled to the relief sought.  *Haynes*, 508 F.Supp. at 1307, n.

15 1; *see also Ali v. Scotia Grp. Mgmt. LLC*, No. CV-18-00124-TUC-JGZ, 2018 WL 11242141,

16 at *1 (D. Ariz. Mar. 27, 2018).

17          Although not clearly stated in the Complaint, Lamb appears to be alleging he has a

18 property interest in the Clark Springs property.  *See e.g. U.S. v. James Daniel Good Real*

19 *Property*, 510 U.S. 43, 53-4 (1993) (stating that a homeowner's "right to maintain control

20 over his home . . . is a private interest of historic and continuing importance"); *Leon v.*

21 *Hayward Bldg. Dep't*, No. 17-CV-02720-LB, 2017 WL 3232486, at *5 (N.D. Cal. July 31,

22 2017) ("We may safely assume that Mr. Leon has a constitutionally protected property

23 interest in his home."); *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1403 (D.C. Cir. 1995) (stating

24 that "[u]ndoubtedly, the Freemans have a constitutionally protected property interest in their

25 home").

26          Therefore, Lamb may be attempting to state a claim for a Fifth Amendment Takings

27 Clause violation.  "[A] property owner has a claim for a violation of the Takings Clause as

28

soon as a government takes his property for public use without paying for it . . . And the property owner may sue the government at that time in federal court for the 'deprivation' of a right 'secured by the Constitution.'" *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 189 (2019). Alternatively, Lamb may be seeking to state a claim for a due process violation. Due process encompasses both substantive and procedural due process violations. "To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014); *see also Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).

Additionally, the deprivation of the interest/property must be by the government. *Nationstar Mortg. LLC v. Snowdown Homeowners Ass'n, Corp.*, No. 317CV00646MMDCBC, 2019 WL 452737, at *2 (D. Nev. Feb. 5, 2019), *quoting Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (due process claim requires a deprivation of interest by the government); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (as to a takings claim, "there [must be] a sufficiently close nexus between the [government] and the challenged action . . . so that the action of the latter may be fairly treated as that of the [government] itself").

B.  *Actions Under Color of State/Government Law*

To state a violation under 42 U.S.C. § 1983, a plaintiff must allege the violative conduct was committed by a government actor. Moreover, both possible violations of Due Process and the Takings Clause requires allegations that the violations be by the government. If Lamb fails to state a claim under 42 U.S.C. § 1983 against a government actor, this Court does not have subject matter jurisdiction over this case. 28 U.S.C. § 1331 ("civil actions arising under the Constitution, laws, or treaties of the United States").[6]

---

[6]A federal court must dismiss a civil action if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). Federal courts have limited subject

1     In this case, Lamb seeks to state claims against ZBS, Tirello, Edmondson, Cohen, and

2   PCSD.  ZBS is an Arizona Domestic LLP.  *See* Ariz. Corp. Comm., https://ecorp.azcc.gov/

3   EntitySearch/Index (last accessed 5/23/24);   Ariz. Sec. of State, https://apps.azsos.gov/

4   apps/tntp/rd.html (last accessed 5/23/24).  Tirello is an attorney with Steel, LLP, and

5   Edmonson   is   an   attorney   with   Edmondson   &   Landon.     Ariz.   Bar   Org.,

6   https://azbar.org/for-legal-professionals/practice-tools-management/member-directory/ (last

7   access 5/23/24).  It appears Tirello and Edmondson may have worked for ZBS at the time of

8   the alleged events.  Cohen is a Pima County Superior Court Judge.  Pima County Superior

9   Ct.,  https://www.sc.pima.gov/judges-courts/  (last  accessed  5/23/24).    PCSD  is  a  law

10  enforcement agency.

11     Lamb appears to allege ZBS, Tirello, and Edmondson, as "officers of the court," are

12  government actors.  However, "[a]ttorneys performing their traditional functions will not be

13  considered state actors solely on the basis of their position as officers of the court." *Angelico*

14  *v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.1999); *see also Hutcherson v. Smith*,

15  908 F.2d 243, 245 n. 2 (7th Cir.1990) (declining to hold that "any attorney working for or

16  retained by a municipality automatically satisfies the 'under color of state law' requirement

17  of 42 U.S.C. § 1983").  The Court finds ZBS, Tirello, and Edmmondson are not government

18  actors for purposes of 42 U.S.C. § 1983, the Takings Clause, or the Due Process Clause.

19     As to Cohen, who is a Superior Court judge,[7] the Court advises Lamb that "[j]udges

20  are immune from damage actions for judicial acts taken within the jurisdiction of their

21  courts." *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986).  This is to assure that judges may

---

23  matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
    This Court presumes a civil action lies outside its limited jurisdiction and the burden to prove
24  otherwise rests on a party asserting jurisdiction exists.  *Id*.  Additionally, an opposing party
    can never forfeit or waive a challenge to subject matter jurisdiction. *Arbaugh v. Y&H Corp.*,
25  546 U.S. 500, 514 (2006).

27  [7]As Cohen was appointed to the bench on January 19, 2021, more than two years prior
    to the June 27, 2023, LoanCare document, it appears Cohen was a judge on the dates of the
28  events at issue in this case.

exercise their functions with independence and without fear of consequences.  *See Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); *Randall v. Brigham*, 74 U.S. 523 (1868).  However, a "judge lacks immunity where he acts in the 'clear absence of all jurisdiction' or performs an act that is not 'judicial' in nature.  *Ashelman*, 793 F.2d at 1075, citations omitted.  The Ninth Circuit has stated:

> The Supreme Court has illustrated the distinction between an act in the clear absence of jurisdiction and an act in excess of jurisdiction with this example:
>
>> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other had, if a judge of the criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987), *quoting Stump v. Sparkman*, 435 U.S. 349, 357 n. 7 (1978).  Lamb's Complaint does not include any allegations that indicate a clear absence of all jurisdiction by Cohen or that he performed an act that was not judicial in nature.  The Court finds Cohen is entitled to judicial immunity as to the claims and allegations as stated in Lamb's Complaint.

Lastly, as to PCSD, "[s]tate agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. Arizona*, 2007 WL 2808477, * 8 (D.Ariz. 2007), *citations omitted*.  An action cannot be brought against a state or county agency that lacks the authority to sue and be sued.  *See Gotbaum ex rel. Gotbaum v. City of Phoenix*, 2008 WL 4628675, *7 (D.Ariz. 2008); *see also Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 12, 232 P.3d 1263, 1269 (App. 2010), *citations omitted* ("Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided.").

The Arizona Legislature has not authorized PCSD to sue or be sued. *Compare* A.R.S. § 11-201(A)(1) (counties, through their board of supervisors, are granted authority to sue and be sued).  As PCSD is a non-jural entity, a civil rights claim cannot be alleged against it. *See e.g. Payne v. Arpaio*, CV09-1195-PHX-NVW, 2009 WL 3756679, *4 (D. Ariz. 2009) (" no

- 13 -

1   Arizona statute confers [ ] power  [to sue or be sued]  on Maricopa County Sheriff's Office

2   . . . as [a] separate legal entit[y]"); *Patterson v. Pima Cnty. Sheriff's Dep't*, No.

3   CV-13-01779-TUC-RM E, 2014 WL 5792941, at *4 (D. Ariz. Nov. 6, 2014); *Gotbaum*, 617

4   F.Supp.2d at 886 (D. Ariz. 2011) (dismissing a city police department as a nonjural entity;

5   because associated jural entity was also sued, dismissal will not deprive plaintiffs of remedy

6   to which they are entitled); *Austin v. State*, CV-08-1222-PHX-LOA, 2008 WL 4368608, *5

7   (D. Ariz. 2008) (dismissing a state department of juvenile corrections as a nonjural entity);

8   *Braillard*, 224 Ariz. at 487, *citations omitted* (Governmental entities have no inherent power

9   and possess only those powers and duties delegated to them by their enabling statutes.  Thus,

10  a governmental entity may be sued only if the legislature has so provided.); *Loredo v.*

11  *Maricopa Cnty.*, No. 1 CA-CV 22-0259, 2023 WL 2181126, at *3 (Ariz.App. Feb. 23, 2023),

12  *review denied* (Aug. 22, 2023) (recognizing a plaintiff may seek "relief for the tortious acts

13  of sheriff's deputies . . . by suing the sheriff").

14

15  C.  *Liability of Specific Officers*

16          Although Lamb cannot state a civil rights claim against the PCSD, he may seek to

17  state 42 U.S.C. § 1983 claims against specific officers. *See Balistreri v. Pacifica Police*

18  *Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (to state a claim under § 1983, a plaintiff must

19  allege the violation of a right secured by the Constitution and laws of the United States and

20  the alleged deprivation was *committed by a person acting under color of state law*).

21          Congress did not intend to "impose liability vicariously on [employers or supervisors]

22  solely on the basis of the existence of an employer-employee relationship with a tortfeasor."

23  *Monell*, 436 U.S. at 692.  Supervisory personnel are not generally liable under section 1983

24  for actions of their employees under a *respondeat superior* theory; therefore, when a named

25  defendant holds a supervisory position, the causal link between him and the claimed

26  constitutional violation must be specifically alleged. *See Jeffers v. Gomez*, 267 F.3d 895, 915

27  (9th Cir.2001); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).

28

To state a claim for supervisor liability, a plaintiff must allege facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) (supervisory liability in an individual capacity requires:  (1) that defendant's "own culpable action or inaction in the training, supervision, or control of his subordinates" caused the constitutional injury, (2) that the defendant "acquiesce[d] in the constitutional deprivations of which [the] complaint is made," or (3) that his conduct showed a "reckless or callous indifference to the rights of others").

**D.  *Government Entity Liability***

Further, Lamb may seek to state a civil rights claim against the Pima County Sheriff. However, a government entity "cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. 658, 691 (2000).   The local government "itself must cause the constitutional deprivation." *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir.1992), *cert. denied*, 510 U.S. 932 (1993).  Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond a *respondeat superior* theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–480 (1986).

To state a civil rights claim against a government entity, a plaintiff must allege the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation). *Monell*, 436 U.S. at 691–694; *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th

1    Cir.2002).  Additionally, a government entity "may be liable if it has a 'policy of inaction and

2    such inaction amounts to a failure to protect constitutional rights.'"  *Lee v. City of Los*

3    *Angeles*, 250 F.3d 668, 681 (9th Cir.2001), *quoting Oviatt v. Pearce*, 954 F.2d 1470, 1474

4    (9th Cir.1992); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir.2007).  However,

5    "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it

6    must be founded upon practices of sufficient duration, frequency and consistency that the

7    conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d

8    911, 918 (9th Cir.1995), cert. denied, 520 U.S. 1117 (1997).

9

10   E.  *Takings Clause*

11          Lamb may be attempting to state a claim for a Fifth Amendment Takings Clause

12   violation.  "[A] property owner has a claim for a violation of the Takings Clause as soon as

13   a government takes his property for public use without paying for it . . . And the property

14   owner may sue the government at that time in federal court for the 'deprivation' of a right

15   'secured by the Constitution.'"  *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 189

16   (2019); *see also* Bridget C.E. Dooling, *Take It Past the Limit: Regulatory Takings of*

17   *Personal Property*, 16 Fed. Cir. B.J. 445, 445 (2007) ("There are four distinct and complex

18   aspects to the Takings Clause:  (i) private property, (ii) cannot be taken, (iii) for public use,

19   (iv) without just compensation.").  Further, courts "use a two-step analysis to determine

20   whether a constitutional 'taking' has occurred." *Bowers v. Whitman*, 671 F.3d 905, 912 (9th

21   Cir. 2012).  First, a court "determine[s] whether the subject matter is 'property' within the

22   meaning of the Fifth Amendment." *Id*.  Second, a court assesses "whether there has been a

23   taking of that property, for which compensation is due." *Id*.

24          Lamb has not adequately alleged the government violated the Takings Clause by

25   taking Lamb's property for public use without just compensation.

26   . . . . .

27

28

F.  *Procedural Due Process*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property [without due process of law]; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Therefore, to state a claim for violation of procedural due process under Section 1983, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006), *citations omitted*.

However, the Complaint does not state any facts alleging the foreclosure of the property was without adequate procedural protections. *See e.g. Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").  For example, Lamb's Complaint does not allege he did not receive notice of a pending foreclosure or that he did not have an opportunity to present his objections.  The Court recognizes, however, that Lamb's summary alleges he received notice from Tirello that administrative action would be taken. The summary further alleges Tirello and others ignored documentation provided by Lamb and/or refused to accept documentation.  The documentation referred to by Lamb includes a "status of the account per the sec of State" and the "constitutionally bound Statute Staple Security Instrument."

G.  *Substantive Due Process*

"Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009), *citations omitted*. The theory underlying substantive due process, as distinct from

procedural due process, is that "by barring certain government actions regardless of the fairness of the procedures used to implement them, it serves to prevent governmental power from being 'used for purposes of oppression.'" *Daniels v. Williams*, 474 U.S. 327, 331 (1986), *quoting Den Ex Dem. Murray v. Hoboken Land & Improv. Co.*, 59 U.S. (18 How). 272, 277 (1855).

As summarized by another district court:

> To state a substantive due process claim, a plaintiff must allege (1) a valid liberty or property interest, (2) which the government infringed in an arbitrary or irrational manner. *Vill. of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 71 L.Ed. 303 (1926). Certain rights or liberties have been deemed "fundamental," so they receive greater protection. *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997).

*Health Freedom Def. Fund, Inc. v. City of Hailey, Idaho*, 590 F. Supp. 3d 1253, 1265–66 (D. Idaho 2022).  "To succeed on a substantive due-process claim, a plaintiff must plead and prove official conduct that 'shocks the conscience,' rather than merely a denial of process." *Leen v. Thomas*, 708 F. App'x 331, 332 (9th Cir. 2017); *Mullins v. State of Or.*, 57 F.3d 789, 793 (9th Cir. 1995) ("Only those aspects of liberty that we as a society traditionally have protected as fundamental are included within the substantive protection of the Due Process Clause.").

Lamb's Complaint does not allege any Defendant acted in an arbitrary or irrational manner.  Further, it does not allege any facts showing any Defendant engaged in official conduct that shocks the conscience.

IX. *Dismissal with Leave to Amend*

As the Complaint does not state a claim upon which relief may be granted, the Court will dismiss the Complaint with leave to amend.   *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). Lamb will be afforded an opportunity to amend his Complaint to set forth a valid claim upon which relief may be granted.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (if a court determines  dismissal is appropriate, a plaintiff must be given at

least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim).  Additionally, the Court has discussed herein the reasons for dismissal so Lamb can make an intelligent decision whether to file an amended complaint. *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

Lamb is advised that all causes of action alleged in the original Complaint which are not alleged in any Amended Complaint will be waived.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).  Further, any Amended Complaint that references other documents without setting forth factual allegations in the Amended Complaint itself does not sufficiently state a claim upon which relief may be granted.

Lamb is advised that any Amended Complaint filed by him must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.  Any Amended Complaint submitted by Lamb shall be clearly designated as an Amended Complaint on the face of the document.  Additionally, Lamb is advised civil *pro se* forms, including Complaints, are available on the District of Arizona's website: https://www.uscourts.gov/forms/civil-pro-se-forms.

X. *Warnings to Lamb*

A.  If Lamb's address changes, Lamb must file and serve a notice of a change of address in accordance with LRCiv 83.3(d).  Lamb  must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

B.  Lamb must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Lamb.

C.  If Lamb fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See* Fed.R.Civ.P. 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for

failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Accordingly, IT IS ORDERED:

1.      The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

2.      Lamb's Complaint is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND.  **Lamb shall have until July 8, 2024, to file an Amended Complaint.**

3.      Any Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior Complaint or subsequent pleadings by reference.  All causes of action alleged in the original complaint which are not alleged in any amended complaint will be waived.  Any Amended Complaint submitted by Lamb should be clearly designated as an amended complaint on the face of the document.

4.      The Clerk of Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Lamb, if Lamb fails to file an Amended Complaint on or before July 8, 2024.

5.      A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned.  *See* L.R.Civ. 5.4.  **Failure to submit a copy along with the original pleading or document may result in the pleading or document being stricken without further notice to Lamb.**

6.      At all times during the pendency of this action, Lamb shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS".  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Lamb shall serve a copy of the Notice of Change of Address on all served opposing parties.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

1    7.    The Court's staff shall redact the exhibits to Lamb's Complaint pursuant to the

2    Fed.R.Civ.P. 5.2(a) and the Clerk of Court shall docket Lamb's original exhibits under seal

3    and shall publicly file the redacted document prepared by the Court's staff.  Lamb may submit

4    a more-redacted document for the Court's review if he feels further redactions are

5    needed/appropriate.

6    8.    The Clerk of Court shall mail a copy of this Order, the redacted document, and

7    the Complaint for Violation of Civil Rights (Non-Prisoner) form to Lamb.

8    DATED this 3rd day of June, 2024.

9

10

11                                                  Cindy K. Jorgenson
                                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28